# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY ROGERS** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-765-JWD-RLB** |
| **HARTFORD CASUALTY INSURANCE COMPANY, ET AL.** | |

## ORDER

Before the Court is Defendant Hartford Casualty Insurance Company's ("Hartford")

Motion to Compel Discovery (R. Doc. 9) filed on January 4, 2019. The deadline for filing an

opposition has expired. LR 7(f). Accordingly, the Motion is unopposed.[1]

Nancy Rogers ("Plaintiff") filed this action in state court on or about July 9, 2018. (R.

Doc. 1-1). Hartford then removed the action to this Court on August 13, 2018. (R. Doc. 1). On

September 21, 2018, Hartford served interrogatories and requests for production on Plaintiff. (R.

Doc. 9-2 at 1-15).

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a

state court." Fed. R. Civ. P. 81(c)(1). "A party may not seek discovery from any source before

the parties have conferred as required by Rule 26(f), except in a proceeding exempted from

initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by

court order." Fed. R. Civ. P. 26(d)(1). "More than 21 days after the summons and complaint are

served on a party," however, "a request under Rule 34 may be delivered . . . by that party to any

plaintiff or to any other party that has been served." Fed. R. Civ. P. 26(d)(2)(A)(ii). Such a

"request is considered to have been served at the first Rule 26(f) conference." Fed. R. Civ. P.

---

[1] On January 9, 2019, Hartford filed a Motion to Substitute Motion to Compel Discovery for the purpose of substituting documents in conformance with the Court's Local Rules. (R. Doc. 10). The Court granted the Motion to Substitute on January 14, 2019, but did not extend the deadline for opposing the underlying Motion to Compel. (R. Doc. 11).

26(d)(2)(B).  Responses to requests for production "delivered under Rule 26(d)(2)" are due

"within 30 days after the parties' first Rule 26(f) conference." Fed. R. Civ. P. 34(b)(2)(A).

Having considered the record, the Court will not issue an order compelling Plaintiff to

response to Hartford's discovery requests.

Hartford served a set of 29 interrogatories on Plaintiff. (R. Doc. 9-2 at 1-10).  Hartford

did not, however, seek leave to exceed the 25-interrogatory limit under the Federal Rules.  *See*

Fed. R. Civ. P. 33(a)(1).  Accordingly, the Court will not compel Plaintiff to respond to the set of

29 interrogatories served by Hartford.

It is unclear whether Hartford served the written discovery at issue before or after the

parties held a Rule 26(f) conference.  Either way, the Court will not compel responses to the

requests for production at this time because Hartford has not satisfied the requirements of Rule

37(a)(1) or this Court's Scheduling Order.  Rule 37(a)(1) requires "certification that the movant

has in good faith conferred or attempted to confer with the person or party failing to make

disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

The Court's Scheduling Order also provides that "[a]ny motions filed regarding discovery must

be accompanied by a certificate of counsel for the moving party, stating that counsel have

conferred in person or by telephone for purposes of amicably resolving the issues and stating

why they are unable to agree or stating that opposing counsel has refused to so confer after

reasonable notice." (R. Doc. 7 at 1).

On December 17, 2018, Hartford's counsel unilaterally scheduled a telephone conference

to take place on December 21, 2018 to discuss the instant written discovery requests pursuant to

"Uniform Rule 10.1."[2] (R. Doc. 9-2 at 16).  Hartford represents that Plaintiff's counsel did not

---

[2] This appears to be a reference to Rule 10.1 of the Rules for Louisiana District Courts.

appear for the conference when called. (R. Doc. 9 at 4). The foregoing is insufficient to satisfy the good faith requirement of Rule 37(a)(1) or this Court's Scheduling Order.

While the Court will not compel Plaintiff to provide any responses to the written discovery requests at this time, Plaintiff's failure to respond to Hartford's December 17, 2018 correspondence and additional failure to oppose the instant motion raises several concerns. Accordingly, the Court will order lead counsel of record for Plaintiff and Hartford to meet and confer regarding the issues raised by the instant Motion. Failure to comply with this Order may result in appropriate sanctions.

Based on the foregoing,

**IT IS ORDERED** that Hartford Casualty Insurance Company's ("Hartford") Motion to Compel Discovery (R. Doc. 9) is **DENIED**. The parties shall bear their own costs.

**IT IS FURTHER ORDERED** that lead counsel of record for Plaintiff and Hartford shall meet and confer regarding the issues raised by the instant motion within **7 days** of the date of this Order.

**IT IS FURTHER ORDERED** that any future Rule 37(a)(1) or Rule 26(c)(1) certificate filed in this action must specifically set forth the following: (1) how the conference was scheduled and agreed upon, (2) who participated in the conference, (3) when the conference took place, (4) whether the conference was conducted by phone or in person, (5) the duration of the conference, (6) the specific, itemized topics that were addressed at the conference, and (7) whether any issues were resolved by the parties. In the alternative, the Rule 37(a)(1) or Rule 26(c)(1) certificate must detail the moving counsel's good faith attempts to confer with opposing counsel and provide evidence that opposing counsel refused to confer after reasonable notice.

Signed in Baton Rouge, Louisiana, on January 28, 2019.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**